RECEIVED
CHARLOTTE, NC

NOV 15 2016

Clerk, US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-00259-GCM-DCK

| | |
|---|---|
| USA, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| JOHN JAMAR DAVIS, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defense's Motion in Limine submitted on November 9, 2016 [Doc. 36] and the Government's Response to Defendant's Motion in Limine submitted by the Government on November 11, 2016 [Doc. 38].

The Defendant's Motion in Limine is seeking to exclude recordings of jail phone calls made by the Defendant while incarcerated at the Mecklenburg County Jail. The Government intends to introduce at trial portions of just two of the more than 90 calls made by Defendant at the jail. These two calls total approximately 30 minutes in duration. The Government has clipped those two calls into three segments (the "clips") which total less than five minutes. These clips do not include any discussion by Defendant of his previous arrests or incarcerations.

While it is true that the clips contain off-color language, the entirety of these clips are admissible under Rules 401 and 403. In the clips, Defendant acknowledges actual possession of the firearm at issue and makes clear his knowledge of its existence. This evidence is clearly relevant as it establishes an essential element of the single charge in this case, that is: knowing possession of a firearm. Defendant's use of foul language and a racial slur are interwoven throughout these clips and cannot be excised without the statements losing essential context and

meaning. To the extent the statements are prejudicial, their probative value outweighs any prejudicial effect. *See e.g. U.S. v. Hayden*, 85 F.3d 153, 158-59 (4th Cir. 1996) (holding that a threatening letter with foul language was admissible under Rule 403 to establish the defendant's criminal intent and guilty consciousness).

In addition, Rule 801(d)(2) makes clear that an opposing party's statement is not hearsay. Thus, any recordings of Defendant's own statements from the jail are admissible if relevant. Regarding any statements made in these recorded jail calls by other individuals in conversations with Defendant, the Government does not seek to introduce those statements for the truth of the matter asserted, but rather to give context to the statements made by Defendant. Therefore, these statements are also admissible under Rule 801.

**IT IS, THEREFORE ORDERED that** Defendants' Motions in Limine [Doc. No. 352] is DENIED.

SO ORDERED. this 15th day of November 2016

Graham C. Mullen
Sr. U.S. Judge